**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:24-CV-00025-HBB**

CASSIE M.[1]                                                                                      PLAINTIFF

VS.

LELAND DUDEK, ACTING COMMISSIONER
SOCIAL SECURITY[2]                                                                       DEFENDANT

<u>**MEMORANDUM OPINION**</u>
<u>**AND ORDER**</u>

I.        BACKGROUND

Before the Court is the Complaint (DN 1) of Cassie Martin ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN 12) and Defendant (DN 14) have filed a Fact and Law Summary.   For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8).   By Order entered April 30, 2024 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit.

## II.    FINDINGS OF FACT

On June 4, 2021, Plaintiff filed an application for Disability Insurance Benefits (Tr. 225-31).  Plaintiff alleged that she became disabled on May 16, 2020, as a result of diabetes, diabetic neuropathy, gout, hypertension, morbid obesity, obstructive sleep apnea, congestive heart failure, and non-ischemic cardiomyopathy (Tr. 66, 138).   The application was denied initially on October 20, 2021, and upon reconsideration on June 15, 2022 (Tr. 154; 165).   On June 28, 2022, Plaintiff filed a written request for hearing (Tr. 174).   Administrative Law Judge Dennis Pickett ("ALJ") conducted a telephonic hearing on January 10, 2023 (Tr. 66).   Plaintiff and her counsel, Carrie Jolly Link, participated (*Id.*).   Ted Mitchell, vocational expert, testified during the hearing (*Id.*).

In a decision dated March 3, 2023, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 66-76).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 16, 2020, the alleged onset date (Tr. 68).   At the second step, the ALJ determined that Plaintiff has the following severe impairments: cardiac disorders, congestive heart failure, diabetes mellitus, neuropathy, chronic obstructive pulmonary disease, obstructive sleep apnea, and obesity (Tr. 69). The ALJ also determined that Plaintiff has the following non-severe impairments: depression and post-traumatic stress disorder (*Id.*).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 70).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except Plaintiff cannot climb ladders, ropes or scaffolds; Plaintiff can occasionally climb ramps and stairs; Plaintiff can frequently stop, kneel, crouch, and crawl;

2

Plaintiff can experience occasional exposure to extreme cold or heat; Plaintiff can experience occasional exposure to wetness, humidity, or vibration; Plaintiff can experience occasional exposure to fumes, odors, dusts, gases, or poor ventilation; but Plaintiff cannot be exposed to hazardous conditions, such as unprotected heights or dangerous machinery (Tr. 71). Additionally, the ALJ determined that Plaintiff can perform past relevant work as an informal waitress and food service manager (Tr. 74).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 71-74). The ALJ found that Plaintiff can perform a significant number of jobs that exist in the national economy (Tr. 75). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 16, 2020, through the date of the decision (Tr. 76).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 221-24). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

Court review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even

if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).    In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).    At that point, the ALJ's decision became the final decision of the Commissioner.    20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).    Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.    42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B.    The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.    42 U.S.C. § 401 *et seq.* (Title II Disability Insurance Benefits).    The term "disability" is defined as an:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.    *See* "Evaluation of disability in general," 20

4

C.F.R. § 404.1520(a).   In summary, the evaluation proceeds as follows:

1)    Is the claimant engaged in substantial gainful activity?

2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)    Does the claimant have the RFC to return to his or her past relevant work?

5)    Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v).   Here, the ALJ denied Plaintiff's claim at the fourth and fifth

steps.

### C.    Nonsevere Mental Impairments

#### 1.  Arguments of the Parties

Plaintiff believes that the ALJ's finding that her depression and PTSD are not severe

impairments in Finding No. 3 is not supported by substantial evidence (DN 12 PageID # 978-80).

Defendant responds that the Plaintiff fails to make an argument that the ALJ's findings are not

supported by substantial evidence (DN 14 PageID # 1005).

#### 2.  Applicable Law

At the second step in the sequential evaluation process a claimant must demonstrate she

suffers from a "severe medically determinable physical or mental impairment that meets the

duration requirement . . . or a combination of impairments that is severe and meets the duration

requirement . . ." 20 C.F.R. § 404.1520(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his or her physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1522(a).[3] The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).[4] To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. § 404.1521; Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017). To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509.

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. They are: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage

---

3 "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability, regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Farris v. Sec'y of Health & Hum. Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)).
4 Examples of basic work activities are as follows:
      (1)     Physical functions such as walking, standing, sitting, lifting, pushing, reaching, carrying, or handling;
      (2)     Capacities for seeing, hearing, and speaking;
      (3)     Understanding, carrying out, and remembering simple instructions;
      (4)     Use of judgment;
      (5)     Responding appropriately to supervision, co-workers and usual work situations; and
      (6)     Dealing with changes in a routine work setting.
20 C.F.R. § 404.1522(b).

oneself." 20 C.F.R. § 404.1520a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: "[n]one, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4). If the four areas of mental functioning are rated as "none" or "mild," the ALJ will generally conclude that the claimant's impairment is not "severe," unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1).

*3. Discussion*

The ALJ found that in all four areas of mental functioning the Plaintiff had no more than a mild limitation (Tr. 69-70). From a visit in May 2022, the physician noted that situational stressors were affecting Plaintiff, but that her mental status was cooperative, healthy appearing, not in acute distress, and grossly normal (Tr. 69). The physician noted that Plaintiff's speech and movements were normal, her mood was depressed and tearful, she was cooperative, and thought processes were normal (*Id.*). The physician started her on a conservative course of treatment of medication and psychotherapy (*Id.*). Over the course of treatment, the physician noted that Plaintiff responded well to treatment and her evaluations remained grossly normal (*Id.*).

The first area is understanding, applying, and remembering information. 20 C.F.R. § 404.1520a(c)(4). The ALJ noted that Plaintiff has a high school education and previously attended culinary school (Tr. 69). The ALJ found that Plaintiff's testimony and the medical evidence showed no more than mild limitation in this area (*Id.*).

The second area is interacting with others. 20 C.F.R. § 404.1520a(c)(4). The ALJ noted that Plaintiff appeared cooperative, healthy, and not in acute distress at a May 2022 visit (Tr. 70). During a follow-up visit in June, Plaintiff reported that her boyfriend was supportive and helped

keep her calm (*Id.*).   The ALJ found that Plaintiff's testimony and the medical evidence showed no more than a mild limitation (*Id.*).

The third area is concentrating, persisting, or maintain pace.   20 C.F.R. § 404.1520a(c)(4).   The ALJ relied on notes from a May 2022 visit where the physician noted that Plaintiff appeared cooperative, healthy, not in acute distress, well kempt, and her mental status was grossly normal (Tr. 70).   At a follow-up visit in June, Plaintiff reported that her boyfriend was supportive and helped keep her calm (*Id.*).   The ALJ found that Plaintiff's testimony and the medical evidence showed no more than a mild limitation (*Id.*).

The fourth area is adapting or managing oneself.   20 C.F.R. § 404.1520a(c)(4).   The ALJ noted that Plaintiff lives with her parents and tries to help out at home (Tr. 70).   The ALJ found that Plaintiff's testimony and the medical evidence showed no more than a mild limitation (*Id.*).

In sum, because in all four functional areas Plaintiff has no more than a mild limitation and the medical evidence does not support more than a minimal limitation on Plaintiff's basic activities, the ALJ concluded that Plaintiff's depression and post-traumatic stress disorder are nonsevere (Tr. 70).   Because the ALJ's analysis comported with applicable law and is supported by substantial evidence, Plaintiff is not entitled to relief on this challenge.

## D.  New Evidence

### 1.  *Arguments of the Parties*

Plaintiff avers that remand is appropriate to consider new evidence (DN 12 PageID # 979-80).   Plaintiff submitted three additional pieces of evidence to the Appeals Council: a medical record from a psychiatry visit on March 8, 2023 (Tr. 55-62), a Mental Medical Source Statement dated June 15, 2023 (Tr. 16-21), and EMG/NCS tests performed in June 2023 (Tr. 8-15).

8

Defendant responds that the additional evidence does not warrant remand because it is not material nor has Plaintiff shown good cause why the evidence was not timely presented (DN 14 PageID # 1004-07).

### 2. *Applicable Law*

To consider additional evidence, Section 405(g) requires showing that the evidence is new and material, and good cause as to why it was not presented. 42 U.S.C. § 405(g); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996). "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). "Evidence is new only if it was not in existence or available to the [plaintiff] at the time of the administrative proceeding." *Id.* at 483-84 (citation omitted). New evidence is material if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* at 484 (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). Good cause can be established if "the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Sec'y of HHS*, No. 85-1654, 1986 U.S. App. LEXIS 18275, at *5 (6th Cir. Aug. 19, 1986).

When the Appeals Council considers new evidence, but declines review, the district court cannot consider the new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. *Cotton v. Sullivan*, 2 F.3d 692, 695-696 (6th Cir. 1993). The Court can, however, remand the case for further administrative proceedings in light of this new evidence, if plaintiff demonstrates it is material and that there is good cause for failing to present it to the ALJ. *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 174-175 (6th Cir. 1994).

### 3. Discussion

#### a. Report from March 8, 2023

The report from March 8, 2023, is new evidence because it was not available to Plaintiff at the time of the hearing before the ALJ, which was held on January 10, 2023 (Tr. 55-58). Similarly, good cause exists as to why the evidence was not presented, because this report was generated as part of continued medical care and not merely to rebut an unfavorable disability ruling. *See Koulizos*, 1986 U.S. App. LEXIS 18275 at *5. Materiality is not so easily established.

Plaintiff must show that there is a reasonable probability that had the ALJ considered the March 8 report he would have reached a different conclusion. *See Hollon*, 447 F.3d at 484. In finding that Plaintiff's depression and PTSD were nonsevere impairments, the ALJ relied on records from May and June 2022, and a follow-up appointment in October 2022 (Tr. 69-70). The ALJ evaluated Plaintiff's broad areas of mental functioning and found that Plaintiff's depression and PTSD only imposed a mild limitation (*Id.* (citing 20 C.F.R. § 404.1520a(d)(1))).

The record of the March 8, 2023, visit states: Plaintiff was "cooperative, healthy appearing, comfortable, [in] no acute distress, well developed and well groomed" (Tr. 56). These notes mirror the notes from May and October 2022 visits considered by the ALJ (Tr. 69). Her mental status on the March 8, 2023, May, 2022, and October 2022 exams remained "grossly normal" (Tr. 57, 69). At the March 8 visit, Plaintiff reported a "progressive worsening of numerous depressive symptoms" which the physician partially attributed to "numerous psychosocial stressors primarily involving loss of power since last week[']s windstorm and recently being denied once again for disability" (Tr. 57-58). Similarly, at her initial psychiatric visit in May 2022, Plaintiff reported

"situational stressors related to a new relationship and her partner's recent arrest and financial strain" (Tr. 69).   As a result of the May 2022 visit, Plaintiff was prescribed Sertaline and advised to follow-up in one month (*Id.*).   As a result of the March 8, 2023, visit, Plaintiff's Sertaline prescription was increased and she was advised to follow-up in one month (Tr. 58).

The ALJ relied on a follow-up visit in October 2022, where Plaintiff stated that "she is doing very well overall since last visit approximately 1 month ago.   She reports a significant improvement in her depressed mood following an increase of sertraline to 150 mg at last visit" (Tr. 875).   Bare evidence that Plaintiff needs an increased prescription for Sertaline is insufficient to support finding materiality, as the ALJ considered that the Plaintiff's progress in her mental health was not strictly forward progress and that her Sertaline medication may need to be increased in response to worsening symptoms.   Therefore, because there is not a reasonable probability that the ALJ would have reached a different conclusion had he been presented with this new evidence, remand is not appropriate.   *Hollon*, 447 F.3d at 484.

b.   Mental Medical Source Statement from June 15, 2023

The Mental Medical Source Statement from June 15, 2023, is new evidence because it was not available to Plaintiff at the time of the hearing before the ALJ, which was held on January 10, 2023 (Tr. 16-21).   It appears that the Mental Medical source Statement was sent by Plaintiff's attorney to the treating psychiatrist and consists of seventeen questions related to the physician's opinion of Plaintiff's ability to work (Tr. 16-21).   Because materiality is not satisfied here, good cause will be assumed that this Statement was not generated to rebut an unfavorable ruling.   *See Koulizos*, 1986 U.S. App. LEXIS 18275 at *5.

Plaintiff must show that there is a reasonable probability that had the ALJ considered the

11

June 15 Statement he would have reached a different conclusion.  *See Hollon*, 447 F.3d at 484.
The Statement indicates that Plaintiff's mental abilities to perform work are poor (Tr. 18), but the
physician is responding to Plaintiff's prognosis as of June 2023.  The physician stated that
Plaintiff's "[i]nitial response [was] minimal, but adequate" but her response "has diminished and
is currently poor" (Tr. 16).  The physician noted a "progressive worsening of depressive
symptoms despite pharmacologic treatment" (*Id.*).  These notes reference Plaintiff's reported
improvement to medication, including Sertaline (*See* Tr. 875).  As this new evidence depicts an
aggravation or deterioration in Plaintiff's condition after the administrative hearing and the ALJ's
decision, it is not considered material.  *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709,
712 (6th Cir. 1988).  Therefore, because there is not a reasonable probability that the ALJ would
have reached a different conclusion had he been presented with this new evidence, remand is not
appropriate.  *Hollon*, 447 F.3d at 484.

   c. EMG/NCS Testing

  Plaintiff underwent EMG and Nerve Conduction testing in connection with neuropathy on
June 14, 2023.  These tests are new evidence because they were not available to Plaintiff at the
time of the hearing before the ALJ, which was held on January 10, 2023.  Similarly, good cause
exists as to why the evidence was not presented, because these tests were part of continued medical
care and not generated merely to rebut an unfavorable disability ruling.  *See Koulizos*, 1986 U.S.
App. LEXIS 18275 at *5.  Materiality poses a problem.

  Plaintiff must show that there is a reasonable probability that had the ALJ considered the
tests he would have reached a different conclusion.  *See Hollon*, 447 F.3d at 484.  Because
neuropathy can get worse over time, the tests performed in June 2023—months past the date of

the ALJ's decision—are not relevant to Plaintiff's claimed period of disability beginning on May 16, 2020, and ending on February 28, 2023, the date of the ALJ's decision. *See Sizemore*, 865 F.2d at 712. The EMG and Nerve Conduction testing show that Plaintiff's results are abnormal (Tr. 9). This assessment shows that Plaintiff does indeed suffer from neuropathy, but does not provide any insight as to Plaintiff's response to treatment. The ALJ found that Plaintiff has responded to pharmacological treatment to treat her neuropathy (Tr. 74). The tests are not material, because they neither show that Plaintiff has not responded well to her prescription regimen nor can the tests reveal the severity of Plaintiff's neuropathy during the disability period. Therefore, because there is not a reasonable probability that the ALJ would have reached a different conclusion had he been presented with these tests, remand is not appropriate. *Hollon*, 447 F.3d at 484.

## E.  RFC Finding

### 1.  *Arguments of the Parties*

Plaintiff believes that the ALJ's rationale supporting the RFC finding in Finding No. 5 that Plaintiff is able to perform light work is not supported by sufficient narrative and rationale (DN 12 PageID # 981). Plaintiff avers that the ALJ's rationale is lacking because the ALJ's reliance on the state agency consultants fails to address evidence not presented to those consultants (DN 12 PageID # 982-83). As to Plaintiff's neuropathy, Plaintiff believes that the ALJ erred by ignoring evidence in the record that "indicates more significant issues than [those] identified by the ALJ" (DN 12 PageID # 983). Because the "ALJ fails to address evidence indicating more significant findings" than the state agency consultants found, Plaintiff believes that the ALJ's decision is not supported by substantial evidence (DN 12 PageID # 984).

13

Defendant responds that the ALJ did consider the evidence not submitted to the state agency consultants (DN 14 PageID # 1000-02).   Defendant contends that the ALJ's decision was supported by substantial evidence and contained sufficient rationale because the ALJ considered and found persuasive the state agency consultants' opinions and the evidence submitted after their review (DN 14 PageID # 1002).

   *2.  Applicable Law*

The RFC determination is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.   20 C.F.R. §§ 404.1545(a), 404.1546(c).   ALJs make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record.   20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c).   Thus, in making the RFC determination ALJs must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations.   20 C.F.R. §§ 404.1520c, 404.1529(a).

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence…"   Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996).   The ALJ "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis" and "describe the maximum amount of each work-related activity the individual can perform."   *Id.*

3. *Discussion*

a. RFC Rationale

While the ALJ did not specifically cite to some of the exhibits Plaintiff believes have not been given adequate consideration, the ALJ did refer generally to treatment notes that showed no additional complaints (Tr. 74). The ALJ did not specifically cite the treatment notes from visits in October and November of 2022 (Ex. 27F), and that such omission Plaintiff believes shows error (DN 12 PageID # 983). The ALJ found and adopted the opinion of the state agency medical consultants that Plaintiff is capable of performing light work (Tr. 74). In pertinent part, the ALJ found that "[p]rogress notes document improvement in her edema, shortness of breath, and chest pain. More recent treatment notes reflect no additional complaints for the same (Exhibit 14f/15F/16F/19F)." (*Id.*). While the ALJ did not cite to Exhibit 27F, the ALJ need not specifically discuss every piece of medical evidence in the record. *See* 20 C.F.R. § 404.1527(c) (ALJs are required to evaluate each medical opinion in the record, but not each piece of medical evidence).

Plaintiff's assertion that the ALJ's findings lacked sufficient rationale is really attacking the ALJ's conclusion that Plaintiff is not disabled and can perform light work. The ALJ satisfied SSR 96-8p: spending several pages "describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence." Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Plaintiff even cited one lengthy paragraph displaying the ALJ's narration:

> The crux of the claimant's cardiac related complaints did not manifest until her
> office visit in April 2021. She was noted to have significantly low ejection
> fraction. She was recommended for medication therapy. However, she continued
> to have significant symptoms requiring placement of a LifeVest and later ICD
> placement. Since her ICD placement, her symptoms have subsided to a mild level.
> Progress notes document improvement in her edema, shortness of breath, and chest

> pain.   More recent treatment notes reflect no additional complaints for the same (Exhibit 14f/15F/16F/19F).    The claimant's diabetes and neuropathy have generally been stable with medication regimen offered.    The claimant's most recent noted HA1C was 6.5.   For her neuropathy, that claimant was continued on Gabapentin 600mg and Cyanocobalamin.   The claimant's diabetic exams have been non-focal (Exhibit 13F).   The claimant has regularly reported she had no lows regarding her blood sugar levels, she had no sided [sic] effects to medications, and reported her neuropathy was stable (Exhibit 16F).   The claimant's obesity has also been considered rendering the state agency assessment, noting the postural limitations.   The undersigned finds the state agency assessment consistent with the medical evidence of record and deems the state agency assessment persuasive in this determination.

(DN 12 PageID # 982 (citing Tr. 74)).   This sample of the ALJ's findings contains description of how the evidence supports each conclusion and cites to specific medical facts, satisfying SSR 96-8p.   Plaintiff is not entitled to relief on this challenge.

   b.   Neuropathy Evidence

Plaintiff contends that the ALJ ignored evidence of her worsening neuropathy (DN 12 PageID # 983).   As discussed *supra*, an ALJ need not specifically discuss every piece of medical evidence in the record.   Furthermore, the undersigned's review is limited to whether the findings are supported by substantial evidence and that correct legal standards were applied.   42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).   The Court may not resolve conflicting evidence or review the case *de novo*.   *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The ALJ found that Plaintiff's neuropathy has "generally been stable with the medication regimen offered" (Tr. 74).   The ALJ stated that Plaintiff "was continued on Gabapentin 600 mg and Cyanocobalamin" (*Id.*).   The ALJ relied on progress notes from several visits from May through December 2021 (Tr. 714-41).   The ALJ did not cite to Dr. Lee's treatment notes, which Plaintiff believes show that the ALJ erred (DN 12 PageID # 983).   Dr. Lee treated the Plaintiff on

16

December 7, 2022, for complaints of "painful paresthesia in both feet" (Tr. 911).   Dr. Lee assessed

that Plaintiff was suffering from diabetic neuropathy and increased her Gabapentin prescription to

800 mg (Tr. 914).   Dr. Lee directed Plaintiff to follow-up in six months (*Id.*).   At a healthcare

visit for a separate concern, Plaintiff reported no neuropathy symptoms, as the ALJ noted (Tr.

798).   While Dr. Lee's notes reflect a worsening of her neuropathy symptoms, that evidence does

not negate that the ALJ's findings are supported by substantial evidence.

The undersigned concludes that the ALJ's findings are supported by substantial evidence

and fully comport with applicable law, including the regulations for evaluating claimant's

testimony regarding her symptoms.   *See* 20 C.F.R. §§ 404.1519a-p, 404.1527, 404.1529.

Plaintiff is not entitled to relief on this challenge.

### F.   Symptoms Evaluation

#### 1.   *Arguments of the Parties*

Plaintiff avers that the ALJ did not adequately explain his findings that Plaintiff's

symptoms are inconsistent with her ability to work (DN 12 PageID # 984-85).   Specifically,

Plaintiff asserts that the ALJ failed to address how Plaintiff's need to elevate her legs several times

a day is supported by evidence (DN 12 PageID # 985).   As a result of the ALJ's failure to

sufficiently explain how Plaintiff's symptoms are not consistent with the evidence, as Plaintiff

believes, the AL's findings lack substantial evidence and remand is required (DN PageID 985).

Defendant responds that the ALJ adequately considered and specifically addressed the

edema symptoms of which Plaintiff complained (DN 14 PageID # 1003-04).   Defendant points to

the ALJ's finding in treatment records that Plaintiff's edema had improved (DN 14 PageID # 1004

(citing Tr. 74)).

   *2.  Applicable Law*

   In assessing a claimant's RFC, the ALJ must necessarily consider the subjective allegations of the claimant and make findings.   20 C.F.R. § 404.1529.   A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged.   20 C.F.R. § 404.1529(a).   In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in *Duncan v. Sec'y of Health & Hum. Servs.* applies.   801 F.2d 847, 853 (6th Cir. 1986).

   First, the ALJ must examine whether there is objective medical evidence of an underlying medical condition.   If there is, then the ALJ must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain."   *Id.*   When, as in this case, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the ALJ will consider other information and factors which may be relevant to the degree of pain and other symptoms alleged.   20 C.F.R. § 404.1529(c)(3).

   *3.  Discussion*

   A plaintiff's level of daily activity is a factor which the ALJ may consider in determining the extent to which pain is of disabling severity.   20 C.F.R. § 404.1529(c)(3)(i); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *Blacha v. Sec'y of Health & Hum. Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (as a matter of law, the ALJ may consider household and social activities in

18

evaluating complaints of disabling pain).   Plaintiff's activities during the relevant time period involved playing travel games and word searches, watching her nephew during the day, reading a book, watching television, and driving short distances (Tr. 73).   This level of activity, while not extensive, is not indicative of disabling pain.   *See Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 (6th Cir. 1986).

Whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . ." is also considered.   20 C.F.R. § 404.1529(c)(4).   Plaintiff testified that she is not able to work due to her COPD, but also stated that she was unsure what to attribute as the cause of the "heavy feeling in her chest" (Tr. 73).    Plaintiff's treating physicians believe that she is capable of work (Tr. 74).   Plaintiff stated that to alleviate her edema, she elevates her legs for ten to thirty minutes several times a day (Tr. 73).   Since medical intervention with a LifeVest and ICD placement, her physician documented improvement in her edema, shortness of breath, and chest pain (Tr. 74).   Plaintiff acknowledged that she has not been hospitalized (Tr. 74).   The consultants opined that Plaintiff's obesity necessitated postural limitations (*Id.*).

Another factor that may be considered is the medication used to alleviate the alleged pain or other symptoms.   20 C.F.R. § 404.1529(c)(3)(iv).   Mild medication and infrequency of dosages taken by the claimant do not bear out claims of debilitating pain.   *See Maher v. Sec'y of Health & Hum. Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989).   The state agency medical consultants believed that Plaintiff's diabetes and neuropathy were stable and responsive to pharmacological intervention (Tr. 74).

The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not

suffer pain to the extent she testified.   In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to assess the degree to which Plaintiff suffers from pain and other symptoms.   Since tolerance of pain and other symptoms is a highly individualized matter, the conclusion of the ALJ, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly."   *Houston v. Sec'y of Health & Hum. Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (citing *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383 (6th Cir. 1978)).   The undersigned concludes that the ALJ's findings are supported by substantial evidence and fully comport with applicable law, including the regulations for evaluating consultative and treating physician's opinions and pain.   *See* 20 C.F.R. §§ 404.1519a-p, 404.1527, 404.1529.

## G.  Conclusion

As the undersigned noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ."   *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up).   Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.   42 U.S.C. § 405(g).   Rather, the undersigned is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.   *Id.*   After reviewing the record, the undersigned concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to her challenge.

IV.    ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

March 13, 2025

Copies:        Counsel

21